**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.**

VICTOR STRAVINCSKI OATTS,

    Plaintiff,

v.

OCEAN DETAILING USA MANAGEMENT INC
D/B/A OCEAN DETAILING USA,
and RUSSELL C. GRANDE,

    Defendants.
_____/

**COMPLAINT**
*{Jury Trial Demanded}*

Plaintiff VICTOR STRAVINCSKI OATTS ("Oatts") brings this action against Defendants OCEAN DETAILING USA MANAGEMENT INC D/B/A OCEAN DETAILING USA ("Ocean Detailing") and RUSSELL C. GRANDE ("Grande") and alleges as follows:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-219 ("FLSA"). Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiff was a resident of Florida and an "employee" of Defendants as defined by the FLSA.

3. At all times material hereto, Ocean Detailing was a Florida corporation that regularly transacted business in Broward County, Florida.

4. Upon information and belief, Ocean Detailing's gross sales or business done was in excess of $500,000 per year at all times material hereto.

5. Ocean Detailing was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

1

6. Grande is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of Ocean Detailing, ran the day-to-day operations, and had operational control over Ocean Detailing, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Plaintiff.

7. Ocean Detailing operates an automobile detailing business.

8. Defendants have employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce including but not limited to computers, phones, pens, and paper.

9. Oatts worked for Defendants as a helper.

10. Defendants failed to pay Oatts's full and proper overtime wages.

11. Defendants knowingly and willfully refused to pay Plaintiff's legally-entitled wages.

12. Attached as **Exhibit A** is a preliminary calculation of Oatts' claims including date ranges, hours worked, rates of pay, and unpaid wages; these amounts may change as Plaintiff engages in the discovery process.

13. Plaintiff retained the services of the undersigned and are obligated to pay for the legal services provided.

14. On or about February 3, 2021, Oatts left early at around 3:30 PM due to a flu, went on days off from on or about February 4, 2021 through February 6, 2021, and then went back to work on or about February 8, 2021.

15. When Oatts's pay was released during the week of February 8, 2021, a $375 deduction was made from his pay.

16. On or about February 15, 2021, Oatts called the main office and relayed to Randi (last name unknown), the Human Resources Director, that he communicated with the Department of

Labor ("DOL") and was advised that he should not have been deducted for sick time when there are no sick day benefits.

17.     On or about that same day, February 15, 2021, Randi called Grande and discussed the matter raised by Oatts.

18.     Also on or about February 15, 2021, Freddie Maza told Oatts that Defendants would "be after you" referring to Oatts.

19.     On or about March 11, 2021, Tony (last name unknown), a manager for Ocean Detailing, told Oatts that Tony had been in the corporate office and they had discussed that they were going to fire Oatts because Defendants believe Oatts went complained to the DOL about Defendants' deduction from his pay for sick time.

20.     On or about April 14, 2021, Tony told Oatts that Grande had a grudge against him for communicating with the DOL about his sick pay.

21.     On or about April 16, 2021, Oatts was no longer given any work.

22.     On or about May 7, 2021, Defendants terminated Oatts' employment.

## COUNT I
## <u>VIOLATION OF THE FAIR LABOR STANDARDS ACT</u>
## <u>AGAINST ALL DEFENDANTS</u>

23. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-22 above as if set forth herein in full.

24. Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), Plaintiff is entitled to (i) time-and-a-half overtime pay and (ii) liquidated damages.

25. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

## COUNT II
## <u>VIOLATION OF ANTI-RETALIATION PROVISION OF FLSA</u>
## <u>AGAINST ALL DEFENDANTS</u>

26. Oatts realleges and incorporates the allegations set forth in paragraphs 1-22 above as if set forth herein in full.

27. Defendants retaliated against Oatts by laying him off and firing him under pretextual grounds in violation of 29 U.S.C. section 215(a)(3).

WHEREFORE, Oatts requests compensatory, back and front pay, lost benefits and other remuneration and an additional equal amount as liquidated damages (see 29 U.S.C. § 216(b)), appropriate equitable relief (e.g., employment, reinstatement, promotion) and reasonable attorney's fees and costs from Ocean Detailing, jointly and severally liable with Grande, pursuant to the FLSA as cited above, to be proven at the time of trial, or as much as allowed by the FLSA, whichever is greater. If Oatts does not recover liquidated damages, then Oatts will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

Respectfully submitted,

Koz Law, P.A.
800 East Cypress Creek Road Suite 421
Fort Lauderdale, Florida 33334
Tel:   (786) 924-9929
Fax:   (786) 358-6071
Email: ekoz@kozlawfirm.com

*/s/ Elliot A. Kozolchyk*
_____
Elliot Kozolchyk, Esq.
Florida Bar No. 74791